IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| ROBERT CRAWFORD,<br><br>Plaintiff,<br><br>vs.<br><br>CASEY COUTURE, et al.,<br><br>Defendants. | CV 17-00004-H-BMM-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

This matter comes before the Court on Plaintiff Robert Crawford's Motion to Proceed in Forma Pauperis (Doc. 1) and proposed Complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 2.)

**I. MOTION TO PROCEED IN FORMA PAUPERIS**

Mr. Crawford filed a Motion to Proceed in Forma Pauperis sufficient to make the showing required by 28 U.S.C. §1915(a). (Doc. 1.) The request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

Because he is incarcerated, Mr. Crawford must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). Mr. Crawford submitted an account statement showing average monthly deposits of $121.25 over the six-month period immediately preceding the filing of his Complaint (June 12, 2016 - December 12, 2016). (Doc. 1-1.) Therefore, an initial partial filing fee of $24.25 will be assessed

1

by this Order.  28 U.S.C. § 1915(b)(1)(B) (allowing an assessment in the amount of 20% of the prisoner's average monthly deposits).  A separate order will direct the agency having custody of Mr. Crawford to collect the initial partial filing fee from Mr. Crawford's account and forward it to the Clerk of Court.

Mr. Crawford will be required to pay the remainder of the fee in installments by making monthly payments of 20% of the preceding month's income credited to his prison trust account.  The percentage is set by statute and cannot be altered.  28 U.S.C. § 1915(b)(2).  Mr. Crawford must make these monthly payments simultaneously with the payments required in other cases he files.  *Bruce v. Samuels*, __ U.S. __, 136 S.Ct 627, 629 (2016).  By separate order, the Court will direct the facility where Mr. Crawford is held to forward payments from Mr. Crawford's account to the Clerk of Court each time the account balance exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

## II.  STATEMENT OF CASE

### A.  Parties

Mr. Crawford is a state prisoner proceeding without counsel.  He names the following Defendants: Casey Couture, Flathead Tribal Police Officer, the United States for the Confederated Salish Kootenai Tribes, Flathead Tribal Police Dept., others unknown, the Montana Twentieth Judicial District Court, and the Supreme

Court of Montana. (Doc. 2 at 1.)

### B. Allegations

Mr. Crawford lists ten causes of action regarding his arrest and conviction in 2012 and 2013. In his eleventh and twelfth causes of actions he complains that the state district court and the state supreme court provided an inadequate remedy at law. (Doc. 2.)

## III. PRELIMINARY SCREENING OF THE COMPLAINT

### A. Standard

As Mr. Crawford is a prisoner proceeding in forma pauperis, his Complaint is subject to screening under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint is malicious if not pled in good faith. *Kinney v. Plymouth Rock Squab. Co.*, 236 U.S. 43, 46 (1915). A complaint fails to state a claim upon which relief may be granted if a

3

plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Cf.* Fed.R.Civ.P. 8(e) ("Pleadings must be construed so as to do justice.").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

**B. Analysis**

According to the Montana Supreme Court's opinion affirming Mr. Crawford's criminal conviction, he was convicted by a jury on December 3, 2013, of criminal possession in violation of Mont. Code Ann. § 45-9-102. He was

sentenced as a persistent felony offender and committed to the Montana State Prison for a term of 20 years, with 10 of those years suspended. *State v. Crawford*, 2016 MT 96, 383 Mont. 229, 371 P.3d 381 (2016.)

On October 26, 2015, Mr. Crawford filed a civil complaint in the Montana Twentieth Judicial District Court raising the first ten causes of action that are listed in the current Complaint filed in this Court. (Doc. 2 at 20, ¶ 10.) The state court granted the defendants' motion to dismiss on April 20, 2016 based upon a lack of subject matter jurisdiction and sovereign immunity. Mr. Crawford appealed that decision and the Montana Supreme Court affirmed on November 15, 2016. *Crawford v. Couture, et al.*, 2016 MT 291, 385 Mont. 350, 384 P.3d 1038 (2016).

Because he is challenging his conviction, Mr. Crawford's claims are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In *Heck*, the United States Supreme Court held that "in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal," or otherwise declared invalid, called into question by the issuance of a habeas writ, or expunged. *Id.*

[W]hen a state prisoner seeks damages in a section 1983 suit, the

district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed.

*Heck*, 512 U.S. at 487.

Mr. Crawford's criminal conviction arose out of Defendant Couture's March 13, 2012 stop of Mr. Crawford and his March 17, 2012 arrest of Mr. Crawford. All of the claims raised in Mr. Crawford's Complaint arise out of those events and the subsequent criminal proceedings. A determination in this Court regarding whether any of Mr. Crawford's rights were violated during his arrest or his criminal proceedings would necessarily imply the invalidity of his conviction. As Mr. Crawford's conviction has not been reversed, declared invalid, expunged, or called into question, his claims are barred by *Heck*.

Accordingly, the Court issues the following:

**ORDER**

1. Mr. Crawford's Motion for Leave to Proceed in forma pauperis (Doc. 1) is GRANTED. The Clerk of Court shall waive prepayment of the filing fee.

2. The Clerk shall edit the text of the docket entry for the Complaint (Doc.

2) to remove the word "LODGED" and the Complaint is deemed filed on January 17, 2017.

3. At all times during the pendency of this action, Mr. Crawford must immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further the Court issues the following:

## RECOMMENDATIONS

1. This matter should be DISMISSED.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Crawford may file objections to these Findings and Recommendations

within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 20th day of January 2017.

                                         */s/ John Johnston*
                                         John Johnston
                                         United States Magistrate Judge

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d).  Therefore, three (3) days are added after the period would otherwise expire.