IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| ROBERT CRAWFORD,<br><br>Plaintiff,<br><br>vs.<br><br>CASEY COUTURE, et al.,<br><br>Defendants. | CV-17-00004-H-BMM-JTJ<br><br>**ORDER ADOPTING AND REJECTING FINDINGS AND RECOMMENDATIONS** |

Plaintiff Robert Crawford, a state prisoner proceeding pro se, filed a Complaint alleging violations of his constitutional rights under 42 U.S.C. 1983 on January 17, 2017. (Doc. 2.) Crawford named the following Defendants in his Complaint: Casey Couture, Flathead Tribal Police Officer; the United States for the Confederated Salish Kootenai Tribes; Flathead Police Department; others unknown; the Montana Twentieth Judicial District Court; and the Supreme Court of the Montana. *Id.* Crawford alleges that Defendants violated various constitutional rights in connection with his interactions with Flathead Tribal Police Officer Couture on March 13, 2012, and March 17, 2012. *Id.*

United States Magistrate Judge John Johnston entered Findings and Recommendations in this matter on January 20, 2017. (Doc. 4.) Judge Johnston

1

recommended that the Court dismiss the case on the basis that *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), bars all of Crawford's claims. *Id.* at 5, 7. Crawford filed an objection to the Findings and Recommendations on January 30, 2017. (Doc. 6.) The Court reviews de novo findings and recommendations to which parties make objections. 28 U.S.C. § 636(b)(1)(C).

Judge Johnston acknowledged that the Court must screen Crawford's Complaint and dismiss it or portions thereof if the complaint is "frivolous," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune." Doc. 4 at 3, citing 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. Judge Johnston has recommended that the Court dismiss the entire action on the basis that the doctrine espoused in *Heck* bars all claims. (Doc. 4 at 6.)

*Heck* bars all § 1983 claims that, if successful, would invalidate the plaintiff's conviction, unless the conviction or sentence already has been reversed on direct appeal. *Heck*, 512 U.S. at 486-87. Judge Johnston correctly noted this doctrine and applied it to Crawford's Complaint. Judge Johnston determined that "all of the claims raised in Mr. Crawford's Complaint arise out of [the same events that resulted in his conviction] and the subsequent criminal proceedings. (Doc. 4 at 6.) Judge Johnston then concluded that *Heck* barred all of Crawford's claims in light of the fact that his conviction otherwise had not been reversed, declared invalid, expunged, or called into question. *Id.*

The Court agrees that *Heck* bars many of Crawford's claims. The Court disagrees, however, as to Crawford's claims of excessive force that are directed at Officer Couture. The Ninth Circuit has determined that claims of excessive force and other similar claims can survive the *Heck* bar on the grounds that these claims do not necessarily invalidate the conviction. The Ninth Circuit in *Smith v. City of Hemet*, 394 F.3d 689, 696-99 (9th Cir. 2005), analyzed whether the *Heck* doctrine barred a Plaintiff's excessive force § 1983 claim. The plaintiff had pleaded guilty to a misdemeanor resisting arrest charge, but subsequently brought a § 1983 suit alleging that defendant police officers had wielded excessive force by pepper spraying the plaintiff and ordering dogs to attack him. *Id.* at 694. The Court reasoned that *Heck* did not serve as a bar to the Plaintiff's § 1983 excessive force claim because the claim did "not necessarily render[] invalid" the underlying conviction of resisting arrest. *Id.* at 696.

Crawford's claims of excessive force likewise need not invalidate his conviction on drug-related charges. The facts underlying Crawford's excessive force claims and the facts underlying his drug crime conviction prove separate, despite all facts occurring during the same two interactions. Crawford could be guilty of the crime of conviction, while Officer Couture could face civil liability having used excessive force. The civil excessive force claim, if successful, and the

3

criminal conviction can coexist. The Court's reasoning in *Smith* counsels, therefore, that *Heck* does not bar Crawford's excessive force claim.

The Court notes that there may be issues with Crawford's excessive force claim outside of the *Heck* bar raised in Judge Johnston's Findings and Recommendations. The Court remains aware, for instance, that the Court must dismiss a claim at the screening process juncture if the complaint seeks money damages from a person or entity cloaked with immunity. Doc. 4 at 3, citing 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. Crawford has named a federally-recognized tribe and a tribal law enforcement officer as defendants. (Doc. 2.) Sovereign immunity and qualified immunity issues related to these Defendants may prevent Crawford's excessive force claim from going forward. Judge Johnston's Findings and Recommendations declined to address these issues in light of his application of *Heck* to all of Crawford's claims. The Court deems it best for Judge Johnston to resolve these potential issues with regards to Crawford's excessive force claim in a forthcoming findings and recommendations, consistent with this Order.

The Court has reviewed Judge Johnston's Findings and Recommendations for clear error. The Court adopts in part and rejects in part. The Court rejects the Findings and Recommendations to the extent that they recommend to dismiss Crawford's excessive force claim. The Court otherwise adopts the Findings and Recommendations.

**IT IS ORDERED** that:

1. Judge Johnston's Findings and Recommendations (Doc. 4) is ADOPTED IN PART AND REJECTED IN PART. The Court rejects the Findings and Recommendations to the extent that they recommend to dismiss Crawford's excessive force claim. The Court otherwise adopts the Findings and Recommendations.

2. Further screening of Crawford's excessive force claim shall be referred to Judge Johnston for analysis in a forthcoming, second findings and recommendations.

DATED this 11th day of July, 2017.

_____
Brian Morris
United States District Court Judge