IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| ROBERT CRAWFORD,<br><br>Plaintiff,<br><br>vs.<br><br>CASEY COUTURE, et al.,<br><br>Defendants. | CV 17-00004-H-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

This Court issued a Findings and Recommendation on January 20, 2017 recommending that the entire case be dismissed based upon the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). On July 11, 2017, United States District Court Judge Brian Morris adopted the Recommendations of this Court except as it applied to Mr. Crawford's claims of excessive force finding that those claims were not necessarily barred by *Heck*. The matter was referred back to this Court to conduct further screening of Mr. Crawford's excessive force claim pursuant to 28 U.S.C. §§ 1915, 1915A. (Doc. 7.) The Court finds that Mr. Crawford's excessive force claim is barred by the applicable statute of limitations.

"A claim may be dismissed [for failing to state a claim] on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.' " *Von Saher v. Norton Simon*

1

*Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (*quoting Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)). " 'A complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.' " *Id.* (*quoting Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204, 1206 (9th Cir. 1995)); *see also Cervantes v. City of San Diego*, 5 F.3d 1273, 1276-77 (9th Cir. 1993) (where the running of the statute of limitations is apparent on the face of a complaint, dismissal for failure to state a claim is proper, so long as Plaintiff is provided an opportunity to amend in order to allege facts which, if proved, might support tolling); *see also Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 216 F.3d 764, 788 (9th Cir. 2000) (court may raise the defense of statute of limitations sua sponte), *overruled on other grounds by Gonzalez v. Arizona*, 677 F.3d 383, 389 (9th Cir. 2011) (en banc); *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003) (upholding sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B) of prisoner's time-barred complaint).

      The United States Supreme Court in *Wilson v. Garcia*, 471 U.S. 261 (1985), determined the applicable statute of limitations for claims filed pursuant to 42 U.S.C. § 1983 is the state statute of limitations governing personal injury actions. In Montana, that period is three years after the action accrues. Mont. Code. Ann. §

27-2-204(1).

Mr. Crawford's Complaint is dated January 10, 2017, therefore all claims accruing prior to January 10, 2014 are barred by the applicable statute of limitations. Mr. Crawford is raising claims of excessive force arising from his arrest by Defendant Couture on March 17, 2012. As such, his claims accrued almost two years prior to January 10, 2014 and are now barred by the statute of limitations. This is not a defect which could be cured with further amendment.

Accordingly, the Court issues the following:

## RECOMMENDATIONS

1. This matter should be DISMISSED.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Crawford may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 4th day of October, 2017.

                                    */s/ John Johnston*
                                    John Johnston
                                    United States Magistrate Judge

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Mr. Crawford is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.