# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# HELENA DIVISION

| | |
|---|---|
| ROBERT CRAWFORD, <br><br> Plaintiff, <br><br> vs. <br><br> CASEY COUTURE, et al., <br><br> Defendants. | **CV-17-00004-H-BMM-JTJ** <br><br><br> **ORDER** |

Plaintiff Robert Crawford filed a Complaint alleging violations of his constitutional rights under 42 U.S.C. § 1983 on January 17, 2017. (Doc. 2.) United States Magistrate Judge John Johnston entered Findings and Recommendations in this matter on January 20, 2017. (Doc. 4.) Judge Johnston recommended that the Court dismiss the case on the basis that *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), bars all of Crawford's claims. *Id.* at 5, 7. The Court adopted Judge Johnston's Findings and Recommendations except as it applied to Crawford's claims of excessive force. (Doc. 7.) The matter was referred back to Judge Johnston to conduct further screening of Crawford's excessive force claim pursuant to 28 U.S.C. §§ 1915, 1915A. *Id.*

1

Judge Johnston entered Findings and Recommendations in this matter on October 4, 2017. (Doc. 8.) Judge Johnston recommended that the Court find that Crawford's excessive force claim is barred by the applicable statute of limitations. Crawford timely filed an objection. (Doc. 9.) The Court reviews *de novo* Findings and Recommendations to which a party objects. 28 U.S.C. § 636(b)(1).

Judge Johnston determined that a claim may be dismissed when it is apparent by the face of the complaint that the complaint does not meet the applicable statute of limitations. (Doc. 8 at 1.) Judge Johnston determined that the Montana personal injury statute of limitations applies to claims filed pursuant to 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261 (1985). The applicable statute of limitations is three years after the action accrues. Mont. Code Ann. § 27-2-204(1). Crawford filed his Complaint on January 10, 2017. (Doc. 8 at 3.) All claims accruing prior to January 10, 2014, would be barred by the statute of limitations. *Id.* Crawford's alleged claim of excessive force arose from his arrest by Couture on March 17, 2012. *Id.* Judge Johnston further determined that the statute of limitations barred Crawford's excessive force claim and amendment of his Complaint would not cure the defect. *Id.*

Crawford argues that the statute of limitations should be tolled until the discovery of self-concealing injury. (Doc. 9 at 4.) Crawford contends that facts constituting his alleged excessive force claim continue to be concealed from him,

and, therefore, the statute of limitations period has yet to begin. *Id.* at 5. A claim or cause of action arises when all elements exist or have occurred. Mont. Code Ann. 27-2-102(1)(a)-(2). Under the "discovery rule," the limitations period does not begin to run when the facts constituting the claim are by their nature concealed or self-concealing; or before, during, or after the act causing the injury, the defendant has taken action which prevents the injured party from discovering the injury or its cause. Mont. Code Ann. § 27-2-102(3)(a)-(b).

The discovery rule does not apply to Crawford's alleged excessive force claim. Crawford was present when he was arrested by Couture on March 17, 2012. The contents of the tape do not aid Crawford in discovering his injury because the alleged excessive force claim happened to him. All elements of the alleged excessive force existed on March 17, 2012, and the statute of limitations began to run on that date.

The Court has reviewed Judge Johnston's Findings and Recommendations de novo. The Court finds no error in Judge Johnston's Findings and Recommendations, and adopts them in full.

**IT IS ORDERED** that Judge Johnston's Findings and Recommendations (Doc. 8), are ADOPTED IN FULL.

**IT IS ORDERED** that this matter be DISMISSED.

**IT IS ORDERED** that the Clerk of Court shall close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall have the docket reflect that pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The record makes clear that the Complaint is frivolous as it lacks arguable substance in law or fact.

DATED this 28th day of November, 2017.

_____
Brian Morris
United States District Court Judge